# NO. 12-08-00243-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HEATH L. JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Appellant pleaded guilty to escape and originally received deferred adjudication community supervision. His guilt was later adjudicated, and he was sentenced to six years of imprisonment. He appealed to this court, and his appeal was dismissed because he did not furnish proof, after notice, that he had paid or made arrangements to pay for preparation of the trial record. *See* ***Johnson v. State***, No. 12-06-00076-CR, 2006 WL 1549985, at *1 (Tex. App.–Tyler June 7, 2006, no pet.) (mem. op., not designated for publication). Appellant filed an application for writ of habeas corpus in the court of criminal appeals. The trial court determined that the Smith County Probation Department received Appellant's payment for the trial record, but never forwarded it to the Smith County District Clerk. Consequently, the court of criminal appeals granted Appellant an out of time appeal. *See* ***Ex parte Johnson***, No. AP–75,844, 2008 WL 384083, at *1 (Tex. Crim. App. Feb. 13, 2008) (not designated for publication).

To perfect his appeal, Appellant was required to take affirmative steps to file a written notice of appeal in the trial court within thirty days after the court of criminal appeals issued its mandate. *Id*. The court of criminal appeals issued its mandate on March 10, 2008, making Appellant's notice of appeal due on or before April 9, 2008. However, Appellant did not file his notice of appeal until

June 5, 2008. Therefore, the notice of appeal was untimely. On that same date, Appellant filed a document that we construe as a motion for extension of time to file his notice of appeal.

An appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files a notice of appeal in the trial court and files a motion in the appellate court that complies with Texas Rule of Appellate Procedure 10.5(b). TEX. R. APP. P. 26.3. To obtain an extension of time to file his appeal, Appellant must have filed his motion not later than March 25, 2008. Because his motion was not filed until June 5, 2008, it is untimely. Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, Appellant's motion is overruled, and the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered June 11, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)June 11, 2008

2